Hillsborough
No. 83-443

### THE STATE OF NEW HAMPSHIRE

v.

### GEORGE W. KILGUS, JR.

November 30, 1984

*Gregory H. Smith*, attorney general (*Paul Barbadoro*, assistant attorney general, on the brief and orally), for the State.

*Jean-Claude Sakellarios*, of Manchester, by brief and orally, for the defendant.

KING, C.J. The defendant, George W. Kilgus, Jr., appeals his conviction of witness tampering. The issues raised are the proper interpretation, and the constitutionality, of the witness tampering statute. RSA 641:5, I(a). We affirm.

The defendant was indicted on February 5, 1982, by a Hillsborough County Grand Jury on a charge of tampering with witnesses and informants. RSA 641:5, I(a). After the defendant's two motions to dismiss the indictment were denied, the first trial commenced in Superior Court (*Souter*, J.) on December 8, 1982. That trial was terminated before a verdict was reached, when the court granted the defendant's motion for mistrial.

On September 28, 1983, the second trial commenced. Prior to trial, the Court (*DiClerico*, J.) ruled that the State need not prove a connection between the homicide being investigated and the air-

plane accident which was the subject of the false information. The court also ruled that Tony Luis, the person tampered with, need not be a witness or informer in order for the State to convict the defendant of witness tampering. RSA 641:5, I(a). At trial, the court instructed the jury that the defendant could only be found guilty if three elements were proved beyond a reasonable doubt: (1) that the defendant believed that a homicide investigation was pending; (2) that the defendant attempted to cause Tony Luis to inform falsely to the police; and (3) that the defendant acted purposely. In its instructions, the court also explained that there was no requirement that the false information supplied by Tony Luis be material to the homicide investigation in order to convict the defendant of witness tampering. The defendant objected and excepted to the court's rulings and jury instructions.

The facts leading to the defendant's conviction are as follows. On January 25, 1982, the defendant was interviewed at his attorney's office by State police detectives from both Massachusetts and New Hampshire. During the interview, the detectives told the defendant that he was a suspect in the homicide investigation of the death of Paul Labonville. Among the questions asked during the interview were several questions concerning an airplane accident that had occurred approximately nine years earlier. The defendant claimed during the interview that a former employee, Tony Luis, was the passenger with him in the plane at the time of the crash.

Shortly after the interview was completed, the defendant attempted to contact Tony Luis by stopping at his place of employment and then by calling him on the telephone. During the telephone conversation with Mr. Luis on January 25, 1982, the defendant told Mr. Luis that police officers would be coming to talk to him about the plane crash and that the police were building a circumstantial case against the defendant in the Labonville homicide. The defendant then asked Mr. Luis to tell the police that he was the passenger in the plane with the defendant at the time of the accident. At trial, the defendant admitted that Mr. Luis was not in the plane at the time of the accident.

The defendant claims on appeal that his conviction of witness tampering was improper because: (1) Mr. Luis was not a witness or informant in the homicide investigation as required by the statute; (2) Mr. Luis' testimony was not material to the homicide investigation as required by the statute; (3) the State is estopped from charging the defendant with witness tampering; and (4) the statute is unconstitutional because it is vague and overbroad.

This court will not consider the defendant's argument that the State is estopped from charging the defendant with witness tamper-

ing under RSA 641:5, I(a) because this defense was not raised below. *State v. Laliberte*, 124 N.H. 621, 474 A.2d 1025 (1984).

■■ The defendant first argues that the conviction is improper because Mr. Luis was not a witness or informant in the homicide investigation as required by the statute. RSA 641:5, I(a) makes it a crime for anyone to attempt to "induce or otherwise cause a *person* to (a) testify or inform falsely." (Emphasis added.) The meaning of the word "person" is clear and unambiguous. It refers generally to all people, without limitation as to their status as witnesses or informants. "When the language used in a statute is clear and unambiguous, its meaning is not subject to modification by judicial construction." *State v. Flynn*, 123 N.H. 457, 462, 464 A.2d 268, 271 (1983); RSA 21:2.

■ The statute limits the term "person" and establishes a connection between the "person" and the investigation pending, by requiring that the defendant believe "that an official proceeding . . . or investigation is pending or about to be instituted," when he attempts to induce a person to testify or inform falsely. RSA 641:5, I(a). The defendant asked Mr. Luis to give the police false information. Under the language of the statute it was not necessary that Mr. Luis actually inform or testify so as to become an "informant" or a "witness"; it was only necessary that the defendant believe that Mr. Luis was a potential witness. Witness tampering is a crime based on the attempt to induce false testimony and, therefore, the statute focuses on the defendant's intent, rather than the actions of the person tampered with, or the outcome of the pending investigation. RSA 641:5, I(a).

■■ The defendant claims that the title of the statute requires that the person tampered with actually become a witness or informant in the pending investigation. Although the title is "Tampering with Witnesses and Informants," the text of this section does not mention the terms "witness" or "informant." RSA 641:5, I(a). The title of a statute is not conclusive of its interpretation, and where the statutory language is clear and unambiguous this court will not consider the title in determining the meaning of the statute. *In re Vernon E.*, 121 N.H. 836, 841, 435 A.2d 833, 836 (1981). Having determined that the word "person" is clear and unambiguous, we hold that the title of RSA 641:5 does not affect the meaning of the statute and, therefore, does not require that the "person" actually become a witness or informant.

The intent of the legislature in enacting RSA 641:5, I(a) is further evidenced by the fact that, in deriving the New Hampshire statute

from § 241.6 of the Model Penal Code, the New Hampshire Legislature excluded the terms "witness" and "informant" used in the Model Penal Code provision on witness tampering, and instead used the broader term "person." *See also* 1969 REPORT OF THE COMMISSION ON THE REVISION OF THE CRIMINAL LAW (comments to the proposed law explain that the proposed section 641:5 "expands the offense" to include a number of other serious interferences with the administration of justice).

We hold that the State did not need to prove that Mr. Luis was a witness or informant in the homicide investigation in order to support the defendant's conviction under RSA 641:5, I(a). It is sufficient under the statute that the "person" was asked to testify or inform falsely when the defendant believed that an investigation was pending.

The defendant next argues that the false information intended to be provided to the police must be material to the pending investigation, and that the defendant must intend to obstruct justice in order to have the requisite *mens rea* to be guilty of witness tampering. These arguments are answered by an examination of the plain language of the statute. *State v. Flynn*, 123 N.H. 457, 462, 464 A.2d 268, 271 (1983). RSA 641:5, I(a) states that, "[a] person is guilty of a class B felony if . . . believing that an official proceeding . . . or investigation is pending or about to be instituted, he attempts to induce or otherwise cause a person to (a) testify or inform falsely; . . ."

RSA 641:5, I(a) contains no language which indicates a limitation upon the nature of the testimony intended to be falsified. Further, no proof of a connection between the matter under investigation and the information to be falsified is required, except that the defendant have knowledge of a pending investigation. *See also* 1969 REPORT OF THE COMMISSION ON THE REVISION OF THE CRIMINAL LAW (comments to the proposed code explain that the witness tampering provision does not require that the information falsified be material). There is also no language in RSA 641:5, I(a) requiring that a person intend to obstruct justice. Obviously, supplying any false information to police officers investigating a homicide is a potential obstruction of justice. The court used the proper *mens rea* when it instructed the jury that the defendant had to act purposely when he attempted to get Mr. Luis to give the police false information.

The defendant asks this court to interpret RSA 641:5, I(a) contrary to its plain language and to excuse his attempt to cause

someone to falsify information given to the police. This court finds no reason or policy which would justify allowing individuals to cause others to falsify facts, regardless of whether or not those facts are later found to be material to the pending investigation. Such a policy, if implemented, would make a mockery of the search for truth in judicial and investigatory proceedings. This court will refrain from any interpretation which is contrary to the plain language of a criminal statute, especially when such an interpretation impairs the effectiveness of investigative or judicial proceedings. *State v. Flynn*, 123 N.H. at 462, 464 A.2d at 271. We will not require proof of materiality of the information, nor an intent to obstruct justice, for proof of witness tampering under RSA 641:5, I(a). Accordingly, we affirm the court's instructions to the jury.

 The third argument to be addressed is that RSA 641:5, I(a) is unconstitutional, under the New Hampshire and Federal Constitutions, because the use of the term "person," rather than the terms "witness" and "informant," renders the statute so vague that it denies him fair notice of the prohibited conduct. U.S. CONST. amend. XIV § 1; N.H. CONST. pt. I, art. 15. The principle underlying attacks on statutes as unconstitutionally void for vagueness is that "no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *Coulten v. Kentucky*, 407 U.S. 104, 110 (1972) (quoting *United States v. Harriss*, 347 U.S. 612, 617 (1954)); *State v. Taylor*, 121 N.H. 489, 493 (1981).

 The language of RSA 641:5, I(a) prohibits the attempt to make a person testify or inform falsely. The general character of the word "person" does not make the proscribed conduct vague. The conduct is the act of attempting to cause another to testify or inform falsely. The description of such conduct is sufficiently specific, regardless of the fact that it is forbidden as to all people, and not only as to witnesses and informants. The defendant could "reasonably understand" that his act of requesting Mr. Luis to give false information to the police was prohibited by RSA 641:5, I(a). Therefore, we hold that RSA 641:5, I(a) gives fair notice of the prohibited behavior and is not unconstitutionally vague.

The defendant's final argument is that RSA 641:5, I(a) is unconstitutional, under the Federal Constitution, because it is overbroad. The focus of the defendant's constitutional overbreadth claim is that the statute proscribes constitutionally protected conduct by interfering with his freedom of speech. U.S. CONST. amend. I. The defendant's telephone call to Mr. Luis, requesting that he misinform the police concerning the airplane crash, cannot be characterized as

protected speech. Since the defendant's intent, when he spoke, was to cause another to give false information, the speech used to accomplish that purpose was not protected.

The United States Supreme Court has held that when an individual's interest in expression is "minuscule" compared to the public interest protected by a statute prohibiting the expression, then that expression or conduct is not immune under the first amendment. *Coulten v. Kentucky*, 407 U.S. 104, 111 (1972). The statute, in this case RSA 641:5, I(a), protects an important public interest in discovering the truth in official proceedings and investigations. When that public interest is balanced against the defendant's right to speak with the intent to tamper with a potential witness, the defendant's right is "minuscule." *Coulten v. Kentucky supra*. Therefore, we hold that RSA 641:5, I(a) does not invade a protected freedom and is not unconstitutionally overbroad.

*Affirmed.*

SOUTER, J., did not sit; the others concurred.