242 N.J. Super. 499 (1990)
577 A.2d 537
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES SEWELL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 23, 1990.
Decided July 23, 1990.
*500 Before Judges DREIER, SCALERA and D'ANNUNZIO.
Al Glimis, Assistant Deputy Public Defender argued the cause for appellant (Wilfredo Caraballo, Public Defender, attorney).
Nancy Peremes, Deputy Attorney General argued the cause for respondent (Robert J. Del Tufo, Attorney General, attorney).
The opinion of the court was delivered by D'ANNUNZIO, J.A.D.
After a jury trial under Atlantic County Indictment No. 87-06-1105, defendant was convicted of three counts of second degree robbery and one count of simple assault. The court sentenced defendant to seven years imprisonment with three years parole ineligibility on the first robbery count and to a similar consecutive sentence on the second robbery count. The sentences on the two remaining counts were imposed to run concurrently with each other and with the first two counts. Thus, defendant's aggregate sentence was 14 years with six years parole ineligibility. Defendant now appeals.
The State's evidence, if believed, would establish that, while at the Showboat Casino, defendant seized a coin-filled plastic container belonging to Matilda Albertelli, a slot machine player. Ms. Albertelli shouted an alarm and defendant fled, pursued by Ms. Albertelli, Curtis Brown, a casino security guard, and several casino patrons.
As he ran through the casino, defendant bumped into patron Mary Smith, causing her to fall against a slot machine. At one point security guard Brown grabbed defendant's jacket. As defendant struggled to break Brown's grasp defendant's arm struck Madeline Frantzen. Breaking free of Brown, defendant *501 continued his flight and ran into Mary Dillon. Although they were not seriously injured, the evidence would support a finding that Smith, Frantzen and Dillon suffered bodily injury. See N.J.S.A. 2C:11-1a. Eventually, security personnel apprehended defendant.
The indictment charged defendant with four counts of robbery. The first count alleged that defendant "did use force and inflict bodily injury upon Mary Smith" in the course of committing a theft. The second, third and fourth counts, expressed in similar language, were based on the Frantzen, Dillon and Brown assaults. Although the jury found defendant guilty of three robberies, as to Brown it convicted defendant only of a simple assault.
Defendant contends that the robbery convictions must be reversed because the court did not instruct the jury as to a necessary culpability requirement. We agree and reverse.
"A person is guilty of robbery if, in the course of committing a theft, [the perpetrator] [i]nflicts bodily injury or uses force upon another." N.J.S.A. 2C:15-1a(1). The trial judge correctly instructed the jury regarding the element of theft, including the requirement that a taking be with a purpose to deprive the victim of the property. N.J.S.A. 2C:20-3a. In this context, the trial judge correctly defined the term "purposely." N.J.S.A. 2C:2-2b(1). However, regarding robbery's assault[1] element, the court merely stated:
In addition to proving beyond a reasonable doubt that the defendant was in the course of committing the theft, the State must also prove beyond a reasonable doubt that while in the course of committing that theft, the defendant inflicted bodily injury or used force upon another.
The State does not deny that a culpability requirement attaches to the assault element of robbery. The State contends that the trial court's explanation of the culpability requirement *502 of purposeful conduct when it defined the theft offense sufficiently instructed the jury that the infliction of bodily injury or the use of force also must have been done purposely.
We reject the State's contention. In the context of this jury instruction the element of purposeful conduct was clearly limited to the definition of theft and could not have been construed by a reasonable jury to apply to the assault element.
We agree with the State and the defendant that a culpability requirement does attach to the assault element. N.J.S.A. 2C:2-2a states that "[e]xcept as provided in subsection c.(3) of this section, a person is not guilty of an offense unless he acted purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense."
N.J.S.A. 2C:2-2c(3) (hereafter § 2c(3)) provides:
Although no culpable mental state is expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of such offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime with the culpability defined in paragraph b.(2) of this section. This provision applies to offenses defined both within and outside of this code.
Section 2c(3) is the key to resolution of the culpability issue. State v. Rovito, 99 N.J. 581, 585, 494 A.2d 309 (1985). Section 2c(3) contains three sentences. Only the first two sentences are relevant to this discussion. The first sentence is broader than the second sentence. It applies to "a statute defining an offense." The New Jersey Code of Criminal Justice (Code) defines the term "offense" as meaning a "crime, a disorderly persons offense or a petty disorderly persons offense...." N.J.S.A. 2C:1-14k. The second sentence of § 2c(3) applies only to crimes. A crime is an offense "for which a sentence of imprisonment in excess of 6 months is authorized...." N.J.S.A. 2C:1-4a. The second sentence, therefore, is applicable to the crime of robbery. It provides that in the absence of a clear legislative intent to impose strict criminal liability, the culpability *503 requirement is that defined in N.J.S.A. 2C:2-2b.(2), i.e., that defendant acted knowingly.
The State does not contend that the Legislature intended to impose strict liability under the robbery statute. We agree that there is no indication of a clear legislative intent to impose strict liability. Consequently, we conclude that the trial court should have instructed the jury that to convict defendant of second degree robbery the State had to prove that defendant knowingly inflicted bodily injury or knowingly used force. See State v. Rovito, supra, 99 N.J. at 586, 494 A.2d 309, where the Court applied § 2c(3)'s second sentence to hold "that a person will be culpable under N.J.S.A. 2C:39-9d if he or she acts `knowingly'." Ibid. N.J.S.A. 2C:2-2b.(2) defines "knowingly."
We do not suggest that our resolution of the issue is beyond debate. The second sentence of § 2c(3) utilizes the equivocal verb form "should be construed," thereby suggesting the need for statutory interpretation rather than directing the use of knowingly as the culpability requirement in all cases. Taking advantage of § 2c(3)'s equivocal language, the State urges that reckless infliction of bodily injury or use of force is sufficient to convict under N.J.S.A. 2C:15-1a(1).
There is some support for the State's position. In State v. Battle, 209 N.J. Super. 255, 507 A.2d 297 (App.Div. 1986), certif. den. 105 N.J. 560, 523 A.2d 194 (1986), another panel of this court characterized a second degree robbery as "a theft attended by a simple assault, as defined by N.J.S.A. 2C:12-1(a)." Id. at 260, 507 A.2d 297. If that statement was a complete definition of second degree robbery, it would buttress the State's contention because reckless conduct can support a simple assault conviction under N.J.S.A. 2C:12-1a(1). But Battle's characterization was not intended to be a complete[2] description of second degree robbery. A person can be guilty of second *504 degree robbery without being guilty of simple assault. The use of force which does not cause bodily injury is not a simple assault, though it elevates theft to robbery. N.J.S.A. 2C:15-1a(1). A person who threatens another with bodily injury in the course of committing a theft commits second degree robbery, though he has not committed a simple assault.[3]N.J.S.A. 2C:15-1a(2).
However, second degree robbery carries serious consequences. It subjects the convicted defendant to a presumption of imprisonment (N.J.S.A. 2C:44-1d), a seven year presumptive term (N.J.S.A. 2C:44-1f(1)(c)), and a ten year maximum term (N.J.S.A. 2C:43-6a(2)). Under the State's theory a person who commits a disorderly persons theft, in the course of which he also recklessly inflicts bodily injury, e.g., physical pain, would be subject to those severe sanctions. Moreover, in defining robbery, the Legislature has twice specified a culpability requirement with respect to other elements. In both cases it required purposeful conduct, the highest culpability requirement in the Code. N.J.S.A. 2C:15-1a(2) and -1b.
In light of the sentencing exposure and the culpability requirement of purposeful conduct as to some elements of robbery, we are persuaded that a deviation from § 2c(3) to allow a robbery conviction under N.J.S.A. 2C:15-1a(1) based on reckless conduct is not consistent with legislative intent. Consequently, defendant's robbery conviction must be reversed because the court excluded the culpability requirement from the jury instructions.[4]State v. Butler, 27 N.J. 560, 143 A.2d 530 (1958) (failure to properly define the crime of robbery required reversal of felony murder conviction); see State v. Grunow, 102 N.J. 133, 506 A.2d 708 (1986) (erroneous instruction as to burden of proof required reversal); State v. Green, *505 86 N.J. 281, 430 A.2d 914 (1981) (conviction reversed due to failure to instruct jury on identification issue).
Finally, we note that though defendant may have committed multiple assaults, he can be convicted only of one robbery because there was only one theft. State v. Carlos, 187 N.J. Super. 406, 455 A.2d 89 (App.Div. 1982), certif. den., 93 N.J. 297, 460 A.2d 693 (1983).
Defendant's conviction of simple assault under Count Four is affirmed. The robbery convictions under Counts One, Two and Three are reversed and remanded for a new trial.
DREIER, J.A.D. (concurring in part and dissenting in part).
I disagree with the majority's application of N.J.S.A. 2C:2-2c(3) to the "assault" elements of N.J.S.A. 2C:15-1a. This court has expressed in shorthand terms that a second degree robbery is
a theft attended by a simple assault, as defined by N.J.S.A. 2C:12-1a ... and a theft attended by an aggravated assault, as defined by N.J.S.A. 2C:12-1(b) [constitutes a] first degree robbery. [State v. Battle, 209 N.J. Super. 255, 260, 507 A.2d 297 (App.Div. 1986), certif. den. 105 N.J. 560, 523 A.2d 194 (1986)].[1]
I agree with the majority in our case that Battle's characterization was not intended to be a complete description of either first or second degree robbery. But the majority does not go far enough in distinguishing the "assault" elements of robbery from the elements of the separate crime of assault.
*506 I draw a parallel between the robbery statute before us and the felony-murder statute, N.J.S.A. 2C:11-3a(3), under which an actor is guilty of felony-murder if "in the course of, commission of, or an attempt to commit, or flight after committing ..." specified crimes, he "causes the death of a person other than one of the participants." The robbery statute states that an actor is guilty of robbery if "in the course of committing a theft, he: (1) inflicts bodily injury or uses force upon another," N.J.S.A. 2C:15-1a. In neither statute is the requisite intent defined; in both the conduct merely must occur "in the course of" the crime or an attempt, or the flight therefrom. (The flight element after a robbery is added by a separate paragraph of N.J.S.A. 2C:15-1a).
As noted in Cannel, Criminal Code Annotated, Comment 3, N.J.S.A. 2C:11-3a(3) (1990), in a felony-murder prosecution
there is no specific culpability requirement for the homicide; the actor need only have met the culpability requirement of the underlying felony. The culpability is then `transferred' to the homicide making it a felony-murder. It should be noted that although the phrase `transferred intent' is used by courts and treatises, not all of the underlying felonies require intent. (see, e.g. 2C:14-2) and so the culpability transferred may not be `intent' (purpose) but knowledge. [at 242].
As Judge Gaulkin stated in State v. Darby, 200 N.J. Super. 327, 491 A.2d 733 (App.Div. 1984), certif. den. 101 N.J. 226, 501 A.2d 905 (1985), a death in a felony-murder situation is "caused neither knowingly or purposely, [it] is by definition not a result which is purposely planned." Id. 200 N.J. Super. at 331, 491 A.2d 733. He further stated:
The State need not prove that the death was purposely or knowingly committed; a wholly unintended killing is murder if it results from the commission of the underlying felony. [Ibid].
So too in the case before us. Once having committed the theft, the actor is subject to a prosecution for robbery if he "[i]nflicts bodily injury or uses force upon another." The statute does not state that the actor must commit an "assault" upon another. The force could be, as urged by the State, *507 recklessly imposed, see N.J.S.A. 2C:2-2b(3),[2] or, to go even beyond the State's arguments, the force may merely be applied to a standard of criminal negligence. See N.J.S.A. 2C:2-2b(4).[3] If the concept of transferred intent is to be fully applied, there is even the possibility that a non-negligent infliction of bodily injury or use of force might satisfy this statutory element. Such a reading of the statute, however, might read out the active nature of the words "inflicts bodily injury" or "uses force." N.J.S.A. 2C:15-1a. [Emphasis supplied].
In the case before us, I would find that the judge correctly charged that the State's burden was solely to "prove beyond a reasonable doubt that while in the course of committing that theft, the defendant inflicted bodily injury or used force upon another." I disagree only with the trial judge's failure to give the jury any standard. The standards of "purposely," "knowingly," "recklessly" and "negligently" set forth in N.J.S.A. 2C:2-2b should have been charged.
I recognize the appeal of the majority's analysis, given the provisions of N.J.S.A. 2C:2-2c(3). But I fail to see how the public will be adequately protected if a theft is not raised to a robbery, notwithstanding the fact that the actor injured another recklessly or even negligently. Under the majority's analysis, I can envision an actor fleeing a vehicle from the scene of the theft and injuring a pedestrian, only to claim in his trial that he merely was acting recklessly or negligently and therefore should be subject only to the theft charge, and perhaps a motor vehicle offense. I do not think this is what the Legislature intended, especially when I view the parallel construction of the theft and felony-murder statutes.
*508 I concur in the remand for a retrial, but I must respectfully dissent from the limited standard of intent imposed by the majority for the intent element accompanying the infliction of bodily injury or the use of force.
NOTES
[1] We are using the word assault as a shorthand term to indicate the N.J.S.A. 2C:15-1a(1) element of infliction of bodily injury or the use of force, but not to indicate the assault offense defined in N.J.S.A. 2C:12-1.
[2] Battle's characterization was accurate in the context of its facts which involved the infliction of bodily injury.
[3] A threat constitutes simple assault only of it puts "another in fear of imminent serious bodily injury." N.J.S.A. 2C:12-1a(3). [Emphasis added.]
[4] Apparently the court utilized the model jury charge for robbery which does not include a culpability requirement for the assault element.
[1] This shorthand description more aptly supported the pre-Code description of robbery. See N.J.S.A. 2A:131-1; State v. Bowden, 62 N.J. Super. 339, 345, 162 A.2d 911 (App.Div. 1960), certif. den. sub nom. State v. Duffy, 33 N.J. 385, 164 A.2d 848 (1960); and Comment to § 2C:19-1 (renumbered after adoption), in Final Report of the New Jersey Criminal Law Revision Commission (Oct. 1971) at 213. The former statute defined robbery as the forcible taking of property from another "by violence or by putting him in fear...." [Emphasis supplied]. Thus the theft victim and the object of the assault were the same, and question of the intent separating the different aspects of the crime did not arise as there was but a single criminal transaction.
[2] That he injured another "when he consciously disregards a substantial and unjustifiable risk that ... will result from his conduct." (Definition of "recklessly" in N.J.S.A. 2C:2-2b(3)).
[3] That he injured another "when he should be aware of a substantial and unjustifiable risk that ... will result from his conduct." (Definition of "negligently" in N.J.S.A. 2C:2-2b(4)).