Belknap
No. 90-452

THE STATE OF NEW HAMPSHIRE

v.

PAUL PIKE

October 9, 1991

*John P. Arnold,* attorney general (*Cynthia L. White,* assistant attorney general, on the brief, and *Brian R. Graf,* assistant attorney general, orally), for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J. The defendant appeals from his conviction in the Superior Court (*O'Neil,* J.) for possession of cocaine. He presents us with a single question: does RSA 318-B:2, I (Supp. 1990) prohibit the possession of an identifiable but immeasurable quantity of a controlled drug, in this instance cocaine? We hold that it does, and therefore affirm.

The defendant was arrested and processed for driving under the influence of alcohol. A folded piece of paper, commonly known in the drug trade as a "bindle," was discovered during a protective custody search of the defendant. Inside, it contained a white powder residue. Four laboratory tests performed at the New Hampshire State Police Laboratory identified the substance as cocaine, but the quantity of residue was too small to measure with the equipment available to the laboratory. At the close of the State's case, the defendant moved to dismiss, arguing that RSA 318-B:2, I (Supp. 1990) does not prohibit possession of an immeasurable quantity of a controlled substance. The court denied the motion, and a jury subsequently convicted the defendant.

The defendant argues that we should employ a "measurable quantity" test, as required by some jurisdictions, *see Chavez v. State*, 768 S.W.2d 366, 368 (Tex. Crim. App. 1989); *State v. Polk*, 529 S.W.2d 490, 494 (Mo. Ct. App. 1975); *United States v. Holland*, 884 F.2d 354, 358 (8th Cir.), *cert. denied*, 110 S. Ct. 552 (1989), or a "usable amount" standard, as applied by other jurisdictions, *see Harbison v. State*, 302 Ark. 315, 322–23, 790 S.W.2d 146, 151 (1990); *Singley v. United States*, 533 A.2d 245, 247–48 (D.C. 1987). We see no basis in the statute for the adoption of either qualifier.

■ RSA 318-B:2, I (Supp. 1990) provides that "[i]t shall be unlawful for any person to manufacture, possess, have under his control, sell, purchase, prescribe, administer, or transport or possess with intent to sell . . . any controlled drug . . . ." We are bound by the legislature's language. The definition of a controlled drug is "any drug or substance . . . which [has been designated a controlled substance]." RSA 318-B:1, VI (Supp. 1990). The statute's language is plain and unambiguous and, as such, "we need not look beyond the statute for further indications of legislative intent." *Silva v. Botsch*, 120 N.H. 600, 601, 420 A.2d 301, 302 (1980). Further, such plain and unambiguous language is not subject to judicial modification. *See State v. Johnson*, 134 N.H. 570, 576, 595 A.2d 498, 502 (1991). No contrary intent to exclude "unusable" or "immeasurable" amounts is apparent anywhere in the statute. Our imposition of such qualifiers would be impermissible judicial construction. *See State v. Kilgus*, 125 N.H. 739, 742, 484 A.2d 1208, 1211 (1984). For instance, the defendant concedes that "immeasurable" is not a static term, but decreases as the precision of the measuring instrument increases. A sample "immeasurable" by one instrument could be "measurable" by another. We do not believe that the legislature intended such ad hoc results, wherein the legality of possession depends upon the precision of the measuring instrument. The statute's plain purpose is to prohibit the knowing possession of a controlled drug, in whatever quantity. If a drug is identified, its quantity need not be measured.

■ We find further support for this interpretation in the decisions of a majority of other courts faced with similar statutes. *State v. Brown*, 245 Kan. 604, 613–14, 783 P.2d 1278, 1285 (1989) (characterizing "any amount" interpretation as majority view); *Hampton v. State*, 498 So. 2d 384, 386 (Miss. 1986) (any identifiable amount, however slight, constitutes the crime of possession); *People v. Mizell*, 72 N.Y.2d 651, 654, 532 N.E.2d 1249, 1251, 536 N.Y.S.2d 21, 23 (1988) (unusable amounts within purview of possession statute); *see also*

Note, *Criminal Liability For Possession of Nonusable Amounts of Controlled Substances*, 77 COLUM. L. REV. 596, 605–12 (1977). Consequently, we hold that possession of any quantity of a controlled substance, sufficient to permit proper identification, is prohibited by RSA 318-B:2, I (Supp. 1990). We therefore affirm.

*Affirmed.*

All concurred.