NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
Case No. 2024-0082
Citation: State v. Bradley, 2025 N.H. 19

THE STATE OF NEW HAMPSHIRE

v.

KENNETH BRADLEY

Argued: February 13, 2025
Opinion Issued: April 24, 2025

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Mary A. Triick, senior assistant attorney general, on the brief and orally), for the State.

Shaheen & Gordon, PA, of Concord (James D. Rosenberg on the brief and orally), for the defendant.

PER CURIAM.

[¶1] The defendant, Kenneth Bradley, brings this interlocutory appeal from an order of the Superior Court (Ignatius, J.) denying his motion to exclude an audio recording of a conversation he had with his wife, Deborah Ann Bradley. He argues that the trial court erred in determining, among other

things, that RSA 632-A:5 (2016) precludes the spousal privilege, see N.H. R. Ev. 504, from applying to the audio recording.  We affirm and remand.

## I.     Facts

[¶2] We accept the facts as presented in the interlocutory appeal statement and rely upon the record for additional facts as necessary.  See State v. Hess Corp., 159 N.H. 256, 258 (2009).  The defendant is charged with six counts of aggravated felonious sexual assault (AFSA), see RSA 632-A:2, I (Supp. 2024), and five counts of felonious sexual assault, see RSA 632-A:3, II-III (Supp. 2024).  The complainants are two of the defendant's adopted children.  The defendant is also charged with falsifying physical evidence, see RSA 641:6, I (2016), and conspiracy to commit falsifying physical evidence, see RSA 629:3 (2016), based upon allegations that he erased the contents of a cell phone that contained a video recording of him behaving inappropriately with one of the complainants.

[¶3] During discovery, the State provided the defense with information pertaining to a prior complaint that was investigated by the New Hampshire Division for Children, Youth and Families and law enforcement in August 2019.  During that investigation, law enforcement executed a search warrant at the defendant's home and seized a cell phone and iPad belonging to one of the defendant's adopted children.  A search of the devices revealed that the cell phone, which allegedly contained the video of the defendant's inappropriate conduct, had been erased, but the iPad contained several audio recordings.  In particular, one of the recordings captured a substantial portion of a private conversation between the defendant and his wife at the office of the defendant's attorney on August 15, 2019.  It is unclear how the recording began or was stopped.

[¶4] In June 2023, the defendant filed a motion to exclude the August 15, 2019 iPad audio recording, arguing that the spousal privilege prevents the recording from being introduced at trial.  Following a hearing, the trial court denied the motion, concluding that "the marital communications privilege does not apply to the Bradleys' recorded conversation and thus the recording is admissible at trial against Mr. Bradley."  The trial court reasoned that the audio recording does not fall within the scope of the spousal privilege for public policy reasons and, alternatively, that the privilege is not applicable in proceedings under RSA chapter 632-A.  This interlocutory appeal followed.

## II.     Analysis

[¶5] On appeal, the defendant argues that the trial court erred by concluding that RSA 632-A:5 renders the spousal privilege inapplicable to all proceedings under RSA chapter 632-A regardless of whether the defendant's

spouse is the alleged victim.  Resolving this issue requires that we engage in statutory interpretation.

[¶6] We review matters involving statutory interpretation de novo.  State v. Carpentino, 166 N.H. 9, 13 (2014).  To determine a statute's meaning, we first examine its language and ascribe the plain and ordinary meaning to the words used.  Id.  We interpret the statute as written and will neither consider what the legislature might have said nor add language that the legislature did not see fit to include.  Id.  We interpret a statute in the context of the overall statutory scheme and not in isolation.  Id.  Our goal is to apply statutes in light of the legislature's intent in enacting them and the policy sought to be advanced by the entire statutory scheme.  Id.  Further, we construe provisions of the Criminal Code according to the fair import of their terms and to promote justice.  Id.

[¶7] RSA 632-A:5, entitled "Spouse as Victim; Evidence of Husband and Wife," provides: "An actor commits a crime under this chapter even though the victim is the actor's legal spouse.  Laws attaching a privilege against the disclosure of communications between husband and wife are inapplicable to proceedings under this chapter."  The "privilege against the disclosure of communications between husband and wife" to which RSA 632-A:5 refers is the spousal privilege set forth in New Hampshire Rule of Evidence 504.  Rule 504 prevents one spouse from "testify[ing] against the other as to any statement, conversation, letter or other communication made to the other or to another person" or "as to any matter which in the opinion of the Court would lead to a violation of marital confidence."  N.H. R. Ev. 504.

[¶8] The defendant argues that RSA 632-A:5 applies only to cases in which the alleged victim is the defendant's spouse.  Therefore, he contends, because the alleged victims in this case are not his spouse, RSA 632-A:5 does not apply.  The State, on the other hand, asserts that the trial court correctly determined, based upon the plain language of RSA 632-A:5, that the spousal privilege is inapplicable to all sexual assault prosecutions under RSA chapter 632-A.  We agree with the State.

[¶9] Based upon the plain language of the statute, we conclude that the spousal privilege is inapplicable to all proceedings under RSA chapter 632-A.  The language of RSA 632-A:5 is unambiguous.  The second sentence provides that the spousal privilege is "inapplicable to proceedings under this chapter."  RSA 632-A:5.  The chapter to which the phrase "proceedings under this chapter" refers is RSA chapter 632-A, entitled "Sexual Assault and Related Offenses."  RSA chapter 632-A (2016 & Supp. 2024) proscribes numerous offenses that are not limited to those committed against one's spouse.  See, e.g., RSA 632-A:2, I (enumerating circumstances under which a "person is guilty of the felony of [AFSA] if such person engages in sexual penetration with another person").  Therefore, the phrase "proceedings under this chapter" in

RSA 632-A:5 renders the spousal privilege inapplicable to all proceedings under RSA chapter 632-A regardless of whether the alleged victim is the defendant's spouse.

[¶10] As the State observes, the legislature could have utilized narrower language, making the spousal privilege inapplicable only when "the victim is the actor's legal spouse," as it did in the first sentence of RSA 632-A:5. See RSA 632-A:5. However, it chose not to do so, and interpreting the second sentence of RSA 632-A:5 as applicable only to cases in which the victim is the defendant's spouse would require us to add words to the statute that the legislature did not see fit to include, contrary to our well-established principles of statutory interpretation. See Carpentino, 166 N.H. at 13.

[¶11] The defendant bases his proposed interpretation upon the legislative history of RSA 632-A:5. Specifically, he asserts that the legislative history of the statute demonstrates that it "was intended to address sexual assault perpetrated by one spouse against another spouse," but was not intended to apply in all prosecutions under RSA chapter 632-A. The defendant maintains that "the legislative action was intended to allow for the more effective prosecution of sexual violence occurring between spouses and arising in the context of a marriage." However, in light of our conclusion that the language of RSA 632-A:5 is not ambiguous, we have no occasion to consult the statute's legislative history. See State v. Beattie, 173 N.H. 716, 725 (2020).

[¶12] To the extent the defendant argues that the title of RSA 632-A:5 indicates the legislature's intent for the statute to apply only when the spouse is the alleged victim, we disagree. The title of a statute is not conclusive of its interpretation, and where the statutory language is clear and unambiguous, we will not consider the title in determining the meaning of the statute. State v. Kilgus, 125 N.H. 739, 742 (1984). Moreover, the first portion of the title, "Spouse as Victim," relates to the first sentence of the statute, and the second portion, "Evidence of Husband and Wife," relates to the second sentence, which is the only sentence relevant here.

[¶13] There is no dispute in this case that the defendant is charged with offenses under RSA chapter 632-A. Therefore, pursuant to RSA 632-A:5, "[l]aws attaching a privilege against the disclosure of communications between husband and wife are inapplicable" in this case. Given our conclusion, we need not address the defendant's remaining arguments regarding whether the trial court erred by concluding that the audio recording is not protected by the spousal privilege for public policy reasons. We affirm the trial court's order

4

denying the defendant's motion to exclude and remand for further proceedings consistent with this opinion.

Affirmed and remanded.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.